UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                       Criminal No. 15-96(DSD)

United States of America,

        Plaintiff,

v.                                                          **ORDER**

Mark Larson,

        Defendant.


    Karen B. Schommer, United States Attorney's Office, 300 South
    4th Street, Suite 600, Minneapolis, MN 55415, counsel for
    plaintiff.

    Mark Larson, #18519-041, Federal Prison Camp, P.O. Box 1000,
    Duluth, MN 55814, defendant pro se.


    This matter is before the court upon the pro se motion for relief under the Second Chance Act by defendant Mark Larson. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

    The Second Chance Act provides that the Bureau of Prisons (BOP):

>       shall, to the extent practicable, ensure that
>       a prisoner serving a term of imprisonment
>       spends a portion of that term (not to exceed
>       12 months), under conditions that will afford
>       that prisoner a reasonable opportunity to
>       adjust to and prepare for the reentry of that
>       prisoner into the community. Such conditions
>       may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The Act further provides that the BOP may "place a prisoner in home confinement for the shorter of 10 percent

of the term of imprisonment of that prisoner or 6 months." Id. § 3624(c)(2).

In his motion, Larson requests that the court order his early release to home confinement. The terms and timing of release are solely within the discretion of the BOP. Fults v. Sanders, 442 F.3d 1088, 1091 (8th Cir. 2006); see Elwood v. Jeter, 386 F.3d 842, 847 (8th Cir. 2004). Further, if Larson wishes to challenge the terms of his confinement, he must first exhaust available administrative remedies. Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009). There is no indication that he has done so.

Finally, the court notes that the BOP appears to have determined that Larson has a "home detention eligibility" date of May 8, 2017, which is approximately 70 days earlier than his projected release date of June 30, 2017, and therefore consistent with section 3624(c)(2). Larson Aff. Ex. 1 at 1, 2. It is unclear why the BOP's determination is unsatisfactory to Larson.

Accordingly, **IT IS HEREBY ORDERED** that the motion for relief under the Second Chance Act [ECF No. 25] is denied.

Dated: August 29, 2016

                                           s/David S. Doty
                                           David S. Doty, Judge
                                           United States District Court